UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| L.T.,<br><br>   Plaintiff,<br><br>vs.<br><br>FRANK BISIGNANO,<br> Commissioner of Social Security,<br><br>   Defendant. | Case No.: 2:25-cv-00303-GMN-MDC<br><br>**REPORT AND RECOMMENDATION TO GRANT PLAINTIFF'S UNOPPOSED MOTION FOR ATTORNEYS' FEES (ECF No. 19)** |

The Hon. Gloria M. Navarro referred to me Plaintiff's *Unopposed Motion for Attorneys' Fees* (ECF No. 19)("Motion") per 28 USC 636. For the reasons below, I RECOMMEND the Motion be **GRANTED.**

**DISCUSSION**

**I.   BACKGROUND**

Plaintiff initiated this action seeking review of an unfavorable administrative decision denying his application for Disability Insurance Benefits. On June 20, 2025, Judge Navarro granted the parties' *Stipulation to Voluntarily Remand* (ECF No. 17)("Stipulation"). The parties agreed and stipulated that:

> [a] The Commissioner's final decision should be reversed and remanded for further administrative proceedings before an Administrative Law Judge (ALJ); [b] The ALJ should further develop the record, as appropriate, obtain supplemental vocational evidence to assess whether there are jobs in significant numbers that Plaintiff can still do, and issue a new decision. [c] The ALJ should reevaluate the evidence and the step-five finding, as necessary.

*ECF No. 17.*

Judgment in favor of plaintiff was subsequently entered on June 23, 2025 (ECF No. 18). Plaintiff filed his Motion on August 14, 2025. Plaintiff seeks $7,051.52 in attorneys' fees and $405.00 in costs pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d). Defendant does not oppose plaintiff's Motion.

## II. ANALYSIS

In relevant party, 28 U.S.C. §2412(d)(1)(A) provides: "Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses…. incurred by that party in any civil …. proceedings for judicial review of agency action, brought by or against the United States…. unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." *Id.* An application seeking fees and costs must show that:

> [1] the party is a prevailing party and is eligible to receive an award under this subsection, and [2] the amount sought, [3] including an itemized statement from any attorney or expert witness representing or appearing in behalf of the party [4] stating the actual time expended and [5] the rate at which fees and other expenses were computed. The party shall also [6] allege that the position of the United States was not substantially justified.

*See 28 USC §2412(d)(1)(B)*. Attorneys' Fees awarded under the EAJA must be reasonable. *Nerio Mejia v. O'Malley*, 120 F.4th 1360, 1364 (9th Cir. 2024).

Plaintiff's Motion satisfies the requirements of 28 USC §2412(d)(1)(B). Plaintiff is the prevailing party (ECF No. 18) and seeks $7,051.52 in attorneys' fees and $405.00 in costs. Defendant does not dispute that plaintiff is eligible to receive an award of the requested fees and costs. Plaintiff's Motion includes an itemized statement stating the actual time expended and the rate at which fees and other expenses were computed. Plaintiff further demonstrates that the $7,051.52 attorneys' fees requested is reasonable and comparable to awards in other Equal Access to Justice Act cases of similar hours worked and fees awarded. *See Motion at pp. 5-7, ECF No. 19*. Finally, plaintiff alleges that the position of the defendant was not substantially justified, which the defendant did not contest. *Id. at p. 5*.

An application for an award of fees and other expenses must be filed "within thirty days of final judgment in the action." *See 28 USC §2412(d)(1)(B)*. Defendant does not challenge the timing of

plaintiff's Motion.  The Judgment here was entered on June 23, 2025 (ECF No. 18).  "A judgment becomes final when the appeal time expires."  *Schneider v. Soc. Sec. Admin.*, No. 2:12-CV-01375-JAD-GW, 2014 WL 4251590, at *2 (D. Nev. Aug. 27, 2014); *see also 28 U.S.C. § 2412(d)(2)(G)*.  "Because the prescribed appeal period in Rule 4(a) for cases in which the United States is a party is 60 days, a judgment in a social security case is no longer appealable when the 60–day period has run."  *Schneider*, 2014 WL 4251590, at *2.  Thus, the June 23, 2025, Judgment did not become final until August 22, 2024, and Plaintiff's Motion was timely filed before then, on August 14, 2025.

### III.    CONCLUSION AND RECOMMENDATION

For the foregoing reasons,

**I RECOMMEND that** plaintiff's *Unopposed Motion for Attorneys' Fees* (ECF No. 19) be **GRANTED**.

DATED: November 13, 2025.

IT IS SO RECOMMENDED.

_____
Hon. Maximiliano D. Couvillier III
United States Magistrate Judge

### NOTICE

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985).

This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983). Pursuant to LR IA 3-1, the plaintiff must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party's attorney, or upon the opposing party if the party is unrepresented by counsel. Failure to comply with this rule may result in dismissal of the action.